# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3432

CITY OF CHICAGO, ILLINOIS,

*Plaintiff-Appellant*,

*v.*

STUBHUB!, INCORPORATED,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 3284—**Wayne R. Andersen**, *Judge*.

No. 10-1144

CITY OF CHICAGO, ILLINOIS,

*Plaintiff-Appellant*,

*v.*

EBAY INC.,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 3281—**Blanche M. Manning**, *Judge*.

DECIDED NOVEMBER 23, 2011

Before EASTERBROOK, *Chief Judge*, and BAUER and KANNE, *Circuit Judges*.

PER CURIAM.  Illinois law permits the purchasers of tickets to sporting contests, concerts, and similar events to resell these tickets via auction sites on the Internet. Chicago, which imposes an amusement tax on the original ticket price, contends that the venues through which tickets are resold must collect and remit an additional tax on the difference between the original price and the resale price. In Chicago's parallel suits against eBay and StubHub!, federal district judges rejected this contention. We heard the appeals in tandem and, after rejecting StubHub!'s federal defenses, certified that appeal to the Supreme Court of Illinois for an authoritative resolution of the issues under state law. 624 F.3d 363 (2010). Chicago's suit against eBay presented a potentially more difficult federal defense, and we withheld decision of that appeal, pending the state court's decision, because resolution of eBay's additional federal defense might become unnecessary.

The Supreme Court of Illinois has decided that Illinois law does not allow Chicago to collect its tax from the auction sites. *Chicago v. StubHub, Inc.*, 2011 IL 111127 (Oct. 6, 2011). That decision supports the judgment in both appeals.

Circuit Rule 52(b) requires the parties in certified cases to file position statements within 21 days of the state court's decision. Chicago has asked us to extend the time for its position statement. Its motion says that it plans to ask the Supreme Court of Illinois for extra time to file a petition for rehearing. Chicago has not informed

us why it needs extra time, how much it wants, or why it believes that there is even a tiny chance that the Supreme Court of Illinois will do a *volte face* on its unanimous opinion. The request strikes us as pointless stalling. This litigation has been pending long enough.

If the Supreme Court of Illinois grants rehearing, Chicago can file appropriate post-judgment motions in the federal litigation. The judgments of the district court are affirmed.